NOT FOR PUBLICATION (Doc. No. 116)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| CECILIA J. FOGARTY | : |
| Plaintiff, | : Civil No. 14-4525 (RBK/JS) |
| v. | : **OPINION** |
| HOUSEHOLD FINANCE CORPORATION III, et al., | : |
| Defendants. | : |

**Kugler**, United States District Judge:

This suit arises from Cecilia J. Fogarty ("Plaintiff" or "Fogarty")'s discovery that her home was encumbered with mortgages she did not take out. Plaintiff brings this suit against several Defendants involved in the loan process: the mortgage holder; her ex-husband, John P. Fogarty ("John"); and John's alleged accomplice, Dora J. Cullen ("Cullen"). Specifically, Plaintiff brings claims for fraud, intentional misrepresentation, fraudulent concealment unjust enrichment, identity theft, forgery, and intentional or reckless infliction of emotional distress against both John and Cullen. Presently before the Court is Plaintiff's motion for entry of default judgment against Cullen. (Doc. No. 116). For the reasons set forth below, Plaintiff's Motion is **DENIED WITHOUT PREJUDICE**.

I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Fogarty is the record owner of a property located at 12 Lancaster Court, Westampton, New Jersey (the "Property"), by virtue of a quitclaim deed from John, dated May 25, 2011, and recorded June 1, 2011, in the Burlington County Clerk's Office. Second Amended Complaint

1

("SAC") ¶¶ 21, 135. Fogarty and John originally took title to the Property in 1979, and purchased the Property using the proceeds of a First Purchase Money Mortgage ("FPMM") with New Jersey National Bank. *Id.* ¶¶ 24, 26. This FPMM was paid in full, and a Cancellation of Mortgage was recorded on October 15, 2001 in the Burlington County Clerk's Office. *Id.* ¶ 27.

In 2001 and 2002 two new mortgages were recorded on the Property (the "2001 Mortgage" and the "2002 Mortgage"), though these mortgages were discharged in 2002 and 2003, respectively. *See id.* ¶ 29. The 2001 Mortgage was for $91,806.87. *Id.* MBNA Consumer Services assigned the 2001 Mortgage to Household on May 5, 2002, prior to its discharge. The 2002 Mortgage was for $179,994.71, and was originally recorded by Household. *Id.* On September 22, 2003, a mortgage on the Property to Household, in the amount of $233,093.51 ("2003 Mortgage"), was created, and later recorded in the Mortgage Book at the Burlington County Clerk's Office. *Id.* ¶¶ 29-30. Household was the holder and servicer of the 2003 Mortgage from the date of its origination until 2014. See *id.* ¶ 30. Fogarty never received any documents related to the 2001, 2002, or 2003 Mortgages at the time of their origination, including any Truth in Lending Statements ("TILA statement") or any "Notices of Right to Cancel." *Id.* ¶ 55.

According to Fogarty, these mortgages, including the 2003 Mortgage, were obtained through fraud. *Id.* ¶ 66.[1] When the 2003 Mortgage was obtained, Fogarty did not take part in the matter or have any knowledge of it. *Id.* ¶¶ 54, 59. In September 2003, John applied for the 2003 Mortgage on the Property, and Cullen participated in the transaction, pretending to be Fogarty. *Id.* ¶¶ 59, 68-74. John apparently hid the 2003 Mortgage from Fogarty, and it was not until about

---

1. The 2001 and 2002 Mortgages were discharged prior to the date on which Fogarty allegedly learned of those mortgages, and they are not the subject of the present litigation. Accordingly, the Court will hereinafter refer only to the 2003 Mortgage, unless otherwise noted.

August 2008 that Fogarty discovered that John had mortgaged the Property in 2003. *Id.* ¶ 100. At that time, Fogarty was also just beginning to discover the vast extent of her husband's misappropriation of her assets, including depleting Fogarty's IRA, stealing money from Fogarty's small business account, stealing funds from Fogarty's other investment accounts, and mortgaging the Property on the three noted occasions. See *id.* ¶¶ 29, 95-99. Soon after discovering the fraud, Fogarty approached John and asked him about his knowledge of the 2003 Mortgage, and showed him the face page to the mortgage, which she had obtained from Household. *Id.* ¶ 128. John told Fogarty that he had obtained the 2003 Mortgage with the help of Cullen, who had signed Fogarty's name on the mortgage documents. *Id.* ¶ 129. Cullen allegedly produced a New Jersey driver's license, a credit card, and a New Jersey vehicle registration card, each bearing Fogarty's name, when applying for the mortgages. *Id.* ¶ 69-72.

In 2012 Fogarty engaged the services of a forensic consultant, William Ries, to conduct two handwriting analyses, with the purpose of determining in part whether the several loan documents related to the Household mortgages were not in fact signed by Fogarty. *Id.* ¶¶ 177-80. Using known signatures from Fogarty, John, and Cullen, Ries compared these signatures to the "questioned documents" and determined, with a reasonable degree of scientific certainty, that the questioned signatures supposed to be Fogarty's on the mortgage documents were not in fact from Fogarty. *Id.* ¶¶ 178-80.

Fogarty eventually acquired a copy of the Customer Identification Verification ("CIV") from the 2003 Mortgage transaction. *Id.* ¶ 213. This document showed that a state-issued New Jersey driver's license with a license number matching that of Fogarty's and an expiration date of August 31, 2007, was presented at the closing to verify the identity of the person, Cullen, who signed the 2003 Mortgage documents. *Id.* The CIV also indicated that a vehicle registration card

and a credit card bearing Fogarty's name were presented to confirm the signatory's identity. *Id.* ¶¶ 161, 163. It was later determined that the Visa credit card was obtained fraudulently. *Id.* ¶ 226.

Plaintiff filed a Complaint in the Superior Court of New Jersey, Burlington County, Chancery Division, against Household, John, and Cullen on May 30, 2014. *See* Notice of Removal (Doc. No. 1). Household removed the action to this Court on July 17, 2014, pursuant to 28 U.S.C. § 1441 and § 1446, and the Court has jurisdiction over this case pursuant to § 1331 and § 1367. *Id.* Plaintiff then filed an Amended Complaint on August 7, 2014, naming LSF8 and Caliber as additional defendants (Doc. No. 5). This Court dismissed a number of claims in the First Amended Complaint without prejudice in February 2015. *See* February 25, 2015 Opinion (Doc. No. 49). Plaintiff then filed a motion to amend, which was granted in part by Magistrate Judge Schneider on December 22, 2015. *See* Dec. 22, 2015 Magistrate Order (Doc. No. 59). Plaintiff and LSF8 each appealed portions of the Magistrate's decision and each appeal was granted in part and denied in part by this Court. *See* August 29, 2016 Order (Doc. No. 120).

For the purposes of the instant motion, the Court notes that the Clerk of Court entered a default against Cullen on January 5, 2015. Plaintiff filed the instant motion for default judgment on August 15, 2016. *See* Pl.'s Mot. (Doc. No. 116).

## II. STANDARD

Federal Rule of Civil Procedure 55(b)(2) allows the Court, upon plaintiff's motion, to enter default judgment against a defendant that has failed to plead or otherwise defend a claim for affirmative relief. The Court should accept as true all well-pleaded factual allegations in the complaint by virtue of the defendant's default except for those allegations pertaining to damages. *Chanel, Inc. v. Gordashevsky*, 448 F. Supp. 2d 532, 536 (D.N.J. 2008) (citing *Comdyne I, Inc. v.*

*Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990)). The Court also does not adopt Plaintiff's *legal* conclusions because whether the facts set forth an actionable claim is for the Court to decide. *Doe v. Simone*, No. 12-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013).

While the decision to enter default judgment is left principally to the discretion of the district court, there is a well-established preference in the Third Circuit that cases be decided on the merits rather than by default judgment whenever practicable. *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180-81 (3d Cir. 1984). Consequently, the Court must address a number of issues before deciding whether a default judgment is warranted in the instant case. If the Court finds default judgment to be appropriate, the next step is for the Court to determine a proper award of damages.

### III. DISCUSSION AND ANALYSIS

#### A. Appropriateness of Default Judgment

*i. The Court's Jurisdiction*

First, the Court must determine whether it has both subject matter jurisdiction over Plaintiff's cause of action and personal jurisdiction over the defendant. *See U.S. Life Ins. Co. in N.Y.C. v. Romash*, No. 09–3510, 2010 WL2400163, at *1 (D.N.J. June 9, 2010).

In this case, the Court has jurisdiction over Plaintiff's Fair Debt Collection Practices Act, Bank Secrecy Act, and Real Estate Settlement Procedures Act claims based on federal-question jurisdiction pursuant to 28 U.S.C. section 1331. The Court may exercise supplemental jurisdiction over Plaintiff's other claims (including her claims against Cullen) pursuant to 28 U.S.C. section 1367 because they are so related to her federal claims that they form part of the same case or controversy. Thus, this Court has subject matter jurisdiction over the instant action. This Court also has personal jurisdiction over the Defendant in the form of specific jurisdiction because Defendant has "purposefully directed" her activities (the forged signatures and identity theft) at Plaintiff and her property in New Jersey, and because Plaintiff's injuries arose from those activities. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

*ii. Entry of Default*

Second, the Court must ensure that the entry of default under Rule 55(a) was appropriate. Rule 55(a) directs the Clerk of the Court to enter a party's default when that party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." In this case, Plaintiff certified service on Defendant on September 5, 2014. *See* Certificate of Service (Doc. No. 16). Defendant has made no attempt to answer or defend the action. Accordingly, the Clerk appropriately issued the entry of default under Rule 55(a).

*iii. Fitness of Defendants to be Subject to Default Judgment*

Third, the Court will confirm that the defaulting parties are not infants or incompetent persons, or persons in military service exempted from default judgment. *See* Fed. R. Civ. P. 55(b)(2); 50 U.S.C. App. § 501 *et seq.* (2006) (codification of the Servicemembers Civil Relief Act of 2003). In this case, Plaintiff's counsel avers that Defendant is neither an infant nor an incompetent person. Amodeo Affidavit ¶ 6 (Doc. No. 116-1). Counsel states this upon information and belief, and her good faith affirmation is sufficient to comply with Rule 55(b)(2). *See Firstbank Puerto Rico v. Jaymo Props., LLC*, 379 F. App'x 166, 170 (3d Cir. 2010). However, Plaintiff's counsel has not submitted proper documentation from the Department of Defense Manpower Data Center indicating that Defendant has never performed military service that would trigger the protections against default judgment afforded by the Servicemembers Civil Relief Act. Rather, Plaintiff's counsel has simply stated that she "confirmed that the defendant is not currently in active military service." Amodeo Affidavit ¶ 5. The Servicemembers Relief Act of 2003 provides that "the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit . . . stating whether or not the defendant is in military service and **showing necessary facts** to support the affidavit." 50 U.S.C. App. § 521(b)(1)(A)

6

(emphasis added). Counsel has not provided necessary facts to support her affidavit. Therefore, Plaintiff has not demonstrated that Cullen is fit to be subject to default judgment. Accordingly, the Court will not proceed further with the default judgment analysis. Plaintiff's motion for default judgment will be denied without prejudice.

### III.  CONCLUSION

For the reasons stated above, Plaintiff's Motion for Default Judgment against Defendant Cullen is **DENIED WITHOUT PREJUDICE**. An appropriate order shall issue.

Dated:   02/27/2017                                                                  s/ Robert B. Kugler
                                                                                                     ROBERT B. KUGLER
                                                                                                     United States District Judge